JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 16-01954 JFW (AFMx)**                              Date: March 25, 2016

Title    **1995 E. 20th Street LLC v. 3 Brothers Produce, Jose Mendez, Maria Sanchez and Does 1 to 10**

Present: The Honorable:  JOHN F. WALTER, U.S. DISTRICT JUDGE

| Shannon Reilly | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)**        **ORDER REMANDING MATTER TO STATE COURT**

On January 29, 2016, 1995 E. 20th Street LLC ("Plaintiff") instituted unlawful detainer proceedings against 3 Brothers Produce, Jose Mendez and Maria Sanchez and Does 1 to 10 ("Defendants") in state court.  Defendants have allegedly continued in unlawful possession of the property located at 1995 E. 20th Street, Unit #12, Los Angeles, CA 90058 (the "Property") that is owned by Plaintiff.  Defendants allegedly entered into a 3-year lease of the Property on June 1, 2013, with rent at $11,551.00 per month.  Thereafter, the agreement was changed to month to month with monthly rent increased to $2,400.00.  At the time of the 3-day notice to quit, the rent due by Defendants was $9,600.00.  Plaintiff estimates the fair rental value of the property as $80.00 per day.  Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit.  Defendant Jose Mendez removed the action to this Court on March 22, 2016.  Defendant asserts federal question jurisdiction in this Court based on the "Protecting Tenants at Foreclosure Act of 2009." (Notice of Removal at pp. 2-7.)  Diversity jurisdiction is not alleged.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-01954 JFW (AFMx)**                              Date: March 25, 2016

Title     **1995 E. 20th Street LLC v. 3 Brothers Produce, Jose Mendez, Maria Sanchez and Does 1 to 10**

properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim.  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

Defendant's assertion of the "Protecting Tenants at Foreclosure Act of 2009" does not create federal question jurisdiction.  First, that statute expired at the end of 2014.  *See* P.L. 111-22, section 704, as extended by section 1484 of P.L. 111-203.  ("This title, and any amendments made by this title are repealed, and the requirements under this title shall terminate, on December 31, 2014.")  Second, even if that statute gave rise to a defense against Plaintiff's foreclosure action, this does not provide the Court with a basis to assert federal question jurisdiction under the well-pleaded complaint rule.  *See, e.g., Federal Nat. Mortg. Ass'n v. Kennedy*, 2012 WL 1378671, *1 (C.D. Cal. Apr. 20, 2012) (finding no federal question jurisdiction over a state law unlawful detainer action where the notice of removal raised the Protecting Tenants at Foreclosure Act of 2009); *Federal Nat. Mortg. Ass'n v. Brooks*, 2012 WL 773073, *4 (C.D. Cal. Mar. 7, 2012) (same); *Westcom Credit Union, v. Dudley*, 2010 WL 4916578, *2-3 (C.D. Cal. Nov. 22, 2010)(same).  Accordingly, Defendant has failed to meet the burden of showing that federal question jurisdiction exists.

The notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.


cc:  Pro Se Defendant


                                                                                           :
                                                **Initials of Preparer**          sr